UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANNY AMEN ANDERSON VALENTINE SHABAZZ,<br><br>Plaintiff,<br><br>v.<br><br>CHRIS BRUCE, CERRONE CADE, NICK SABEAN, and JEFF FLYNN,<br><br>Defendants. | Civil Action No. 23-5286 (JXN) (ESK)<br><br>**MEMORANDUM<br>OPINION & ORDER** |

**NEALS**, District Judge:

Before the Court is *pro se* Plaintiff Danny Amen Anderson Valentine Shabazz's ("Plaintiff's") complaint (ECF No. 1) (the "Complaint"), as well as Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) ("Plaintiff's IFP Application"). Pursuant to 28 U.S.C. § 1915, the Court must carefully review the IFP Application, and "if convinced that [Plaintiff] is unable to pay the court costs and filing fees, . . . grant[s] leave to proceed *in forma pauperis*." *Douris v. Middletown Township*, 293 F. App'x 130, 132 (3d Cir. 2008) (citation omitted). For the reasons set forth below, Plaintiff's IFP Application is **DENIED** *with prejudice*, and the Complaint is **DISMISSED** *without prejudice*. Accordingly, Plaintiff shall have fourteen (14) days to pay the required amount to reopen this matter.

Plaintiff's IFP Application included a statement of his assets, income, and expenses, wherein Plaintiff demonstrated his ability to pay, and/or the assets necessary to pay, the full filing fee of this lawsuit. *See, gen.,* Pl.'s IFP Application. In Plaintiff's IFP Application, Plaintiff represents that he owns $2,000,000.00 worth of real estate and states that Bank of America ("America"), the State of Delaware ("Delaware"), and "FILA[,]" which appears to refer to the

1

FILA company that sells footwear, apparel, and accessories, owe him a combined $600,000,000 (America—$200,000,000.00); (Delaware—$250,000,000.00); and (FILA—$150,000,000.00). Pl.'s IFP App., at 3. Plaintiff further represents to having a monthly income of $260.00 (*see Id.* at 1-2), and to having $9,800.00 in monthly expenses, which includes $2,100 in rental/mortgage payments, $700.00 in utilities, $2,000.00 in home maintenance, and $1,000.00 each in food, clothing, laundry/dry-cleaning, medical/dental expenses, and transportation. *Id.* at 4.

Upon review of the Complaint, Plaintiff alleges claims for copyright infringement and breach of a non-disclosure agreement related to "a 100 million dollar production that began in [Plaintiff's"] New Jersey address . . . ." Compl. at 2. Plaintiff seeks billions of dollars in damages alleged to be a "$100 million dollar production[,] as well as the actual transaction for [$]1.2 billion to the Lisa Blue Rochester handed to Cerron Cade and John Carney." *Id.* at 3. In support, Plaintiff alleges that "[t]he bail out netted [$]1.2 billion twice and under law that's 15 percent for the State of Delaware['s] copyright and [Plaintiff's] portfolio." *Id.* at 3.

Together, Plaintiff's IFP Application and Complaint establish that Plaintiff should not proceed *in forma pauperis* at this time. Indeed, given the information obtained from the face of Plaintiff's IFP Application and Complaint, the Court concludes that Plaintiff can pay, or has the assets necessary to pay, the full filing fee of this lawsuit.

For all the foregoing reasons, it is hereby,

**ORDERED** that Plaintiff's IFP Application (ECF No. 2) is **DENIED *with prejudice***; it is further

**ORDERED** that the Clerk of Court shall mark this case as **CLOSED**; it is further

**ORDERED** that Plaintiff may submit payment in the amount of $402.00 within 14 days from the date of the Order to reopen the case without further action from the Court.

DATED: 8/24/2023                                                   s/ Julien Xavier Neals
                                                                                   **JULIEN XAVIER NEALS**
                                                                                   United States District Judge